IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLIFFORD HAYTER,                              No C-09-0457 VRW (PR)

        Petitioner,

    v                                        ORDER TO SHOW CAUSE

KEN CLARK, Warden,

        Respondent.
_____/

    Petitioner, a state prisoner at the California Substance Abuse Treatment Facility and Prison in Corcoran, California, has filed a pro se petition for writ of habeas corpus under 28 USC section 2254 challenging a judgment of conviction from San Francisco County superior court.

I

    On April 20, 2004, petitioner was sentenced to life in prison without the possibility of parole and a concurrent determinate term of two years following his convictions of first degree murder with the special circumstance that the murder was

committed during the course of a burglary, second degree burglary and assault. On October 28, 2005, the California Court of Appeal in an unpublished opinion affirmed the judgment of the trial court. On January 18, 2006, the Supreme Court of California denied review.

## II

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id § 2243.

Petitioner seeks federal habeas corpus relief by raising several claims, including that: (1) he was denied his Fifth and Fourteenth Amendment rights because of a delay in being read his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966); (2) he was denied his Sixth Amendment right to the effective assistance of both trial and appellate counsel; (3) he was denied his Sixth and Fourteenth Amendment rights to equal protection and a trial by a jury drawn from a representative cross-section of the community under <u>Batson v Kentucky</u>, 476 US 79 (1986); (4) he was denied his right to due process because there was insufficient evidence to support his convictions; and (5) he was denied his Sixth Amendment right to a trial by an impartial jury as a result of juror misconduct. Liberally construed, these claims appear cognizable

2

under section 2254 and merit an answer from respondent.  See <u>Zichko v Idaho</u>, 247 F3d 1015, 1020 (9th Cir 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

Petitioner's claim regarding the delay between his arrest and arraignment, which he alleges violates the California Constitution and California Penal Code section 825, however, is not cognizable in federal habeas corpus.  A federal writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law.  <u>Estelle v McGuire</u>, 502 US 62, 67-68 (1991).  This claim, therefore, is DISMISSED.

### III

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do

3

so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

   3. In lieu of an answer, respondent may file a motion to dismiss on procedural grounds as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

   4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner also must keep the court and all parties informed of any change of address.

   IT IS SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.09\Hayter-09-0457-osc.wpd

**4**