IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLIFFORD HAYTER,                         No C 09-0457 VRW

        Petitioner,
                                              ORDER
      v

KEN CLARK,

        Respondent.
_____/

        Petitioner Clifford Hayter, a prisoner in custody at the California Substance Abuse Treatment Facility in Corcoran, seeks habeas corpus relief pursuant to 28 USC § 2254.  Doc #1.  Respondent moves to dismiss the petition as untimely.  Doc #12.  Petitioner opposes.  Doc #19.

        Respondent asserts that petitioner failed to file his petition within the one-year limitations period provided by 28 USC § 2244(d) and has not provided adequate justification for his untimeliness.  Doc #12 at 1.  To argue this point, respondent references four specific gaps of time which the court refers to in this order by number (e g, "gap (1)"):

> 1) The time from the starting of the statute of limitations period on April 18, 2006, until the time petitioner filed his initial petition in the San Francisco County Superior Court on October 11, 2006, a period of 176 days;
>
> 2) The period between the denial of the Superior Court petition and the filing of a petition in the California Court of Appeal, a period of six months and 19 days;
>
> 3) The period between the denial of the petition in the state court of appeal and the filing of the petition in the California Supreme Court, a period of 159 days; and
>
> 4) The period from the denial of the petition in the state supreme court until the filing of the petition in this Court, a period of 229 days.

Doc #20 at 2. Respondent states that petitioner provides inadequate excuses for the delays during gaps (1) and (2), and provides no excuses at all for the delays in gaps (3) and (4). Respondent, however, miscalculates the number of days between the San Francisco superior court's denial of petitioner's petition on January 16, 2007, and his first filing in the California Court of Appeal on June 11, 2007. Gap (2) — the period between January 16, 2007 and June 11, 2007 — is actually 146 days, a period of four months and 25 days, not "six months and nineteen days."[1]

Respondent claims that petitioner's petition to this court is untimely because gaps (1) and (4) add up to 405 days — 40 days longer than the one-year limitations period. Doc #12 at 3-4. Respondent notes that because petitioner signed and dated his petitions a combined 50 days before filing them, application of the mailbox rule could bring petitioner's filings within the one-year

---

[1] Respondent's calculation is incorrect even if gap (2) is calculated from January 16, 2007 to July 5, 2007 — the date of petitioner's later filing in the California Court of Appeal. This gap amounts to 170 days, roughly 30 days shorter than the "six months and nineteen days" listed by respondent.

limitations period, but argues that the mailbox rule does not apply in this case.² Id at 3-4. Respondent further contends that even if petitioner can show that gaps (1) and (4) amount to fewer than 365 days, his current petition is still untimely because the gaps between his state court petitions — gaps (2) and (3) — are unreasonably long and thus count against the one-year limitations period. Id at 4-6. Respondent points out that petitioner waited six months and nineteen days — actually 146 days, a period of four months and 25 days (see discussion above) — after his state superior court petition was denied to file his petition in the state court of appeal, and five months and six days after his petition to the state court of appeal was denied to file his petition in the state supreme court. Id at 5. Petitioner attempts to excuse gap (2) — the delay of 146 days — but provides no justification for gap (3) — the delay of 159 days. Doc #19.

Petitioner claims that he is entitled to equitable tolling because extraordinary circumstances beyond his control caused the delay in filing the writ. Doc #19 at 8. Specifically, plaintiff claims that his appellate counsel "abandoned him" and failed to return his legal files, id at 5, and that he was not able to access the prison law library for a period of months because the institution was "on lockdown or modified program," id at 10. While the court understands the reasons set forth by petitioner to explain his filing delays, it cannot, because of the inconsistent time

\\

---

² Petitioner does not argue that the mailbox rule should apply in this case.

3

periods referenced by the parties, comprehend to which discrete time period each excuse applies.

Petitioner is therefore ORDERED to file a supplemental memorandum of not more than ten pages on or before September 16, 2010, in which he should discuss the precise reasons why he delayed filing for each of the following periods: (1) April 18, 2006 to October 11, 2006; (2) January 16, 2007 to June 11, 2007; (3) July 11, 2007 to December 17, 2007; and (4) June 18, 2008 to February 2, 2009. Respondent may file, on or before November 4, 2010, a response of not more than ten pages, at which time the matter will be submitted.

IT IS SO ORDERED.

**VAUGHN R WALKER**
United States District Chief Judge