**E-Filed 3/25/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLIFFORD HAYTER,<br><br>              Petitioner,<br><br>    v.<br><br>KEN CLARK, Warden,<br><br>              Respondent. | Case Number 5:09-cv-00457-JF<br><br>ORDER[1] GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY<br><br>[re: document no. 12] |

## I. BACKGROUND

Following a jury trial, Petitioner Clifford Hayter ("Hayter") was convicted of first degree murder (Cal. Pen. Code § 187) with the special circumstance that the murder was committed during the course of a burglary (Cal. Pen. Code § 190.2(a)(17)), second degree burglary (Cal. Pen. Code § 459), and assault (Cal. Pen. Code § 240). He was sentenced to life in prison without the possibility of parole for the murder conviction, and to a concurrent determinate term of two years for the burglary conviction.

---

[1] This disposition is not designated for publication in the official reports.

The evidence at trial showed that Hayter broke into a cabinet store after hours. He took one dollar from an office desk, consumed candy and hot chocolate that he found on the premises, and fell asleep watching television. He was awakened when an employee, Barbara Amundson, arrived the next morning. Hayter grabbed a fire extinguisher and sprayed it in Amundson's direction, then ran past her down a staircase and left the building. Amundson was found dead on the stairs shortly thereafter. The medical examiner determined the cause of death to be "stress induced sudden cardiac death." Amundson weighed 412 pounds and had preexisting heart disease and hypertension. No chemicals from the fire extinguisher were found on her body.

Attorney Colleen Rohan was appointed as Hayter's appellate counsel. On October 28, 2005, the California Court of Appeal affirmed Hayter's conviction. On January 18, 2006, the California Supreme Court denied his petition for review. Hayter claims that Rohan stopped communicating with him while his petition for review was pending and that she did not inform him when it was denied. Hayter learned from another source months after the fact that the petition had been denied. He sent Rohan written requests for his files on March 8, 2006, March 30, 2006, and June 15, 2006. Phone calls to Rohan's office were made on Hayter's behalf. Rohan never responded. In August 2006[2], Hayter obtained copies of trial transcripts from the First District Appellate Project. With the assistance of his cellmate, Christopher Simmons, Hayter filed a *pro se* habeas petition in the superior court on October 11, 2006. On December 28, 2006, Hayter filed a request for stay and an extension of time to amend his petition. It does not appear that the superior court ruled on that request expressly, but on January 16, 2007 it denied the petition.

On June 11, 2007, Hayter filed a document in the state appellate court that he characterizes as a habeas petition and that the government describes as a discovery request. He filed an amended or additional petition on July 5, 2007. He claims that he could not file earlier because of prison lockdowns, limited access to the law library, and an inability to communicate with Simmons. The Court of Appeal denied the petition on July 11, 2007. On December 17,

---

[2] The record is unclear whether Hayter received the transcripts in July or August; the analysis is the same in either event.

2

2007, Hayter filed a habeas petition in the California Supreme Court; that petition was denied on June 18, 2008. Hayter filed the instant federal petition on February 2, 2009. Respondent asserts that the petition is untimely.

## II. DISCUSSION

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA or Act) requires a state prisoner whose conviction has become final to seek federal habeas corpus relief within one year." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (citing 28 U.S.C. § 2244(d)(1)(A)). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the one-year limitations period. 28 U.S.C. § 2244(d)(2). "The period between when direct review becomes final and the filing of a state habeas petition is not tolled; tolling begins when the state habeas petition is filed." *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010). "As to California habeas proceedings, collateral review is considered to be pending during the interim between a writ being denied at one court level and a new petition being filed at the next higher court level as long as the petition at the next level is filed within a reasonable period of time." *Id.* (citations omitted).

On January 18, 2006, the California Supreme Court denied Hayter's petition for review on direct appeal; his conviction became final ninety days later. 28 U.S.C. § 2101(d); Rules of the Supreme Court of the United States, Rule 13. Accordingly, the one-year limitations period began to run on April 18, 2006. *See* 28 U.S.C. § 2244(d)(1)(A); *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("when a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires"). Hayter filed his state habeas petition in the superior court on October 11, 2006, tolling the statute of limitations. At that time, 176 days had elapsed.

Assuming that the limitations period was tolled statutorily for the entire time that Hayter pursued state habeas relief – an assumption that the government challenges, as discussed below – the limitations period began running again on June 18, 2008, the date upon which the state

3

supreme court denied Hayter's habeas petition. *See* Cal. R. Ct. 8.532(b)(2)(C).[3] An additional 229 days elapsed between the state supreme court's ruling and the filing of the instant federal petition on February 2, 2009. Thus, even excluding all of the time during which Hayter sought habeas relief in the state courts, a total of 405 days elapsed before he filed a federal habeas petition.

As just noted, Respondent contends that not all of the time Hayter spent seeking state habeas relief should be excluded, arguing that Hayter took an unreasonably long time to file a petition in the appellate court after the superior court denied relief, and to file a petition in the supreme court after the appellate court denied relief. Respondent asserts that the limitations period was not tolled statutorily during those interim periods.

In California, a state habeas petition is deemed "pending" between the denial of one petition and the filing of a subsequent petition in the next highest court only if the latter filing is made within a "reasonable" time after the lower court's denial of relief. *See Porter*, 620 F.3d at 958. The superior court denied Hayter's petition on January 16, 2007; Hayter filed his petition in the state appellate court 146 days later, on June 11, 2007.[4] The appellate court denied relief on July 11, 2007; Hayter filed a petition in the state supreme court 159 days thereafter, on December 17, 2007. The Ninth Circuit recently found that shorter intervals of 115 days and 101 days did not meet the "reasonable" time requirement of California law. *See Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) ("Because Chaffer's filing delays were substantially longer than the 30 to 60 days that most States allow for filing petitions, and Chaffer's petition offered no justification for the delays as required under California law, we fail to see how unexplained delays of this magnitude could fall within the scope of the federal statutory word 'pending.'")

---

[3] Prior to January 1, 2003, California Rule of Court 24 provided that the California Supreme Court's denial of a habeas petition became final thirty days after the order of denial was filed. Effective January 1, 2003, Rule 24 was replaced by Rule 29.4(b)(2), providing that the denial order is final upon filing. Effective January 1, 2007, Rule 29.4 was renumbered to California Rule of Court 8.532.(b)(2)(C).

[4] As noted above, the parties dispute whether the June 11 filing properly may be considered a habeas petition; this Court will give Hayter the benefit of the doubt and assume that the June 11 filing date is applicable rather than the July 5 date urged by Respondent.

4

(internal quotation marks and citations omitted).

Hayter attempts to explain the lengthy intervals between the filing of his petitions in the various state courts by asserting that: his cellmate, Simmons, helped him draft the petition filed in the appellate court; Simmons had limited access to the law library as a result of lockdowns and restrictive prison rules; in July 2007, Hayter was transferred to a different prison and was not permitted to have further contact with Simmons; and on December 17, 2007 Simmons nonetheless filed a petition in the state supreme court on Hayter's behalf. Hayter does not claim that he himself attempted to gain access to the law library, and the fact that another inmate was helping him draft his petitions did not relieve him of personal responsibility for complying with the law. *See Chaffer*, 592 F.3d at 1049. Moreover, Hayter's pro se status and ultimate transfer away from Simmons are ordinary circumstances of prison life. *See id.* To the extent that Hayter contends that he was unable to file a petition in the state supreme court because Simmons retained his files, he entrusted those files to Simmons "at his peril." *Id*. In short, this Court is not persuaded that the California courts would consider the intervals in question to be "reasonable."[5] Because Hayter's petitions were not "pending" with the meaning of AEDPA during the 146 days between the superior court's denial of relief and the filing of a petition in the state appellate court, or during the 159 days between the state appellate court's denial of relief and the filing of a petition in the state supreme court, those days "count" against AEDPA's one-year limitations period.

In light of the foregoing, the Court concludes that the instant petition is time-barred. A total of 710 days "count" against the one-year limitations period: 176 days between completion of direct review and the filing of a petition in the superior court; 146 days between the superior court's denial of relief and the filing of a petition in the state appellate court; 159 days between the state appellate court's denial of relief and the filing of a petition in the state supreme court; and 229 days between the state supreme court's denial of relief and the filing of the instant

---

[5] In the absence of clear direction from the California Supreme Court as to the meaning of the term "reasonable time," or a clear indication that a particular petition was timely or untimely, this Court must itself determine what the state courts would have held with respect to timeliness. *See Evans*, 546 U.S. at 198.

1  federal petition.

2        Hayter also contends that the statute of limitations should be equitably tolled during the
3  176 days prior to the filing of his habeas petition in the superior court (on the basis of misconduct
4  by Rohan), and during the ninety days immediately following the state supreme court's denial of
5  relief.  The one-year limitations period set forth in § 2244(d) is subject to equitable tolling in
6  appropriate cases.  *Holland v. Florida*, — U.S. —, 130 S.Ct. 2549, 2560 (2010).  "[A] petitioner
7  is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently,
8  and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*.
9  at 2562 (internal quotation marks and citation omitted).  Negligence of a petitioner's attorney, for
10 example by miscalculating a deadline, is not a sufficient basis for applying the equitable tolling
11 doctrine.  *Porter*, 620 F.3d at 959.  "However, attorney misconduct that is sufficiently egregious
12 to meet the extraordinary misconduct standard can be a basis for applying equitable tolling." *Id*.
13 (citation omitted).

14       Assuming without deciding that equitable tolling would be appropriate with respect to
15 both of the requested time periods, Hayter's federal petition still is untimely.  Deducting 176 days
16 and an additional 90 days from the 710-day total, 444 days "count" against the one-year
17 limitations period.  Accordingly, Respondent's motion to dismiss will be granted.

18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

### III. ORDER

Respondent's motion to dismiss the petition is GRANTED. The Clerk shall enter judgment and close the file.

When a district court enters a final order adverse to a state prisoner seeking habeas relief, it must grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (eff. December 1, 2009). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA will be denied.

Dated:  March 25, 2011

                                            JEREMY FOGEL
                                            United States District Judge